UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL MCCLANAHAN,
Plaintiff Inpropria Persona Sui Juris,

       -against-

NEW YORK CITY POLICE COMMISSIONER
WILLIAM J. BRATTON, in his individual and official
capacity, One Police Plaza, New York City, NY 10038

MAYOR BILL DE BLASIO, in his individual
and official capacity, 88 East End Avenue, New York City,
NY 10028

THE CITY OF NEW YORK 260 Broadway, New
York City, NY 10007

NEW YORK CITY POLICE OFFICER DOHERTY,
in his individual and official capacity, 52nd Precinct,
3016 Webster Avenue, Bronx, NY 10467

NEW YORK CITY POLICE OFFICER JOHN DOE,
in his individual and official capacity, 52nd Precinct,
3016 Webster Avenue, Bronx, NY 10467

Defendants.

-----------------------------------------------------------x

CIVIL ACTION NO.

12-CIV-5326

AMENDED COMPLAINT
42 U.S.C. 1983, 1985 and 1986

JURY TRIAL DEMANDED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/14

Plaintiff Inpropria Persona Sui Juris, Michael McClanahan, complaining of

Defendants alleges as follows:

1

## PRELIMINARY STATEMENTS

1. This is a civil rights action in which named Plaintiff Michael McClanahan, on behalf of himself, seek relief for Defendants violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d) et seq. ("Title VI") and the Constitution and laws of the State of New York and Article I, Sections 11 and 12 and the common law of the State of New York. Plaintiff Inpropria Persona Sui Juris McClanahan seek compensatory and punitive damages, injunctive and declaratory relief, and such other relief as this Court deems equitable and just.

2. The Defendants in this action, New York City Police Commissioner William J. Bratton ("Bratton"), Mayor Bill de Blasio ("de Blasio") The City of New York ("City"), New York City Police Officers Doherty and John Doe have implemented and continuing to enforce, encourage and sanction a policy, practice and/ or custom of unconstitutional false arrests, stops, and frisks of City residents, including Plaintiff Inpropria Persona Sui Juris by the New York Police Department ("NYPD") which are being done without the reasonable articulable suspicion required under the Fourth Amendment.

3. In addition, this pattern and practice of unconstitutional false arrests, stops and frisks by NYPD officers often have used, and continue to use, race and/ or origin, not reasonable suspicion, as the determinative factors in deciding to stop and frisk individuals in violation of the Equal Protection Clause of the Fourteenth Amendment. The victims of such racial and /or national origin profiling are principally Black and Latino males.

2

4. The NYPD widespread constitutional abuses have flourished as a result of and are directly and proximately caused by, policies, practices, and/ or customs devised, implemented and enforced by Bratton, de Blasio and the City. The City, Bratton, and have acted with deliberate indifference to the constitutional rights of those who would come in contact with NYPD officers by (a) failing to properly screen, train, and supervise NYPD officers, (b) inadequately monitoring the NYPD officers illegal arrest, stop and frisk practices (c) failing to sufficiently discipline NYPD officers who engage in constitutional abuses, and (d) encouraging sanctioning and failing to rectify the NYPD's unconstitutional practices.

5. In 1999, the Center for Constitutional Rights filed a class action lawsuit, Daniels, et al. v. The city of New York, et al., Case No. 99 Civ. 1696 (SAS), in the United States District Court for the Southern District of New York, to challenge the NYPD's unconstitutional policy, practice and/ or custom of conducting rampart false arrests, stops and frisks of individuals in violation of the Fourth and Fourteenth Amendments.

6. A Stipulation of Settlement was reached in 2003 in which the NYPD was required to implement a written policy prohibiting police stop and frisk which impermissibly used race and/ or national origin, not reasonable suspicion, as the determinative factors in initiating police action. However, Defendant's unlawful policy, practice and/ or custom continues despite the written policy prohibiting unconstitutional stops and/ or frisks.

7. As a direct and proximate result of Defendant's unlawful policies, practices and/ or customs, hundreds of thousands of City residents, particular Black and Latino individuals, have been subjected to unconstitutional stops and frisks by the NYPD officers. Indeed, many Black and Latino persons repeatedly have been victims of suspicionless illegal arrests, stops, and frisks by the NYPD. Moreover, the NYPD's unconstitutional abuses have been attended by unlawful searches and seizures and, at times, excessive force, of which the fatal shooting of Mr. Sean Bell and Mr. Amadu Dialo by NYPD officers is but two tragic examples.

8. The named Plaintiff Inpropria Persona Sui Juris seek a judgment declaring that the policies practices and/ or customs described herein violate the Fourth, Fifth and Fourteenth Amendments and a injunction enjoin Defendants from continuing such policies, practices and/ or customs. In addition, the named Plaintiff Inpropria Persona Sui Juris, seek compensatory and punitive damages. The named Plaintiff Inpropria Persona Sui Juris seek an award of attorney fee and costs and such other relief as this Court deems equitable and just.

## JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C., 1331 1343 (3) and (4),as this action seeks redress for the violation of Plaintiff Inpropria Persona Sui Juris constitutional and civil rights.

10. Plaintiff Inpropria Persona Sui Juris, claims for declaratory and injunctive relief are authorized by 28 U.S.C. 2201, and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

Plaintiff Inpropria Persona Sui Juris, further invoke this Court's supplemental jurisdiction, Pursuant to 28 U.S.C., 1367 (a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

### VENUE

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. 1391 (b) and (c).

### JURY DEMAND

12. Plaintiff Inpropria Persona Sui Juris demand trial by jury in this action on each and every one of their claims.

### PARTIES

### Plaintiff

13. At all times during the incidents complained herein, Plaintiff Inpropria Persona Sui Juris Michael McClanahan 3215 Bainbridge Avenue, Apartment 5-E, Bronx, NY 10467. Plaintiff Inpropria Persona Sui Juris resides in and/ or visits neighborhoods where the NYPD officers are and/ or have been deployed and conduct illegal arrests, stops and frisks.

### Defendants

14. Upon information and belief at all times during incidents complained herein. Defendant New York City Police Commissioner Bratton is and was, at all times relevant herein, the Police Commissioner for the City, and is and was responsible for, and the chief architect of, the policies, practices and/ or customs of the NYPD, a municipal agency of the City.

5

15. Defendant William J. Bratton is and was, relevant herein, responsible for the hiring, screening, training retention, supervision, discipline, counseling and control of the police officers under his command who are employed by the NYPD, including the Defendants named herein. He is sued individually and in his official capacity.

16. Defendant Bill de Blasio is and was, at all times relevant herein, the Mayor of the City of New York and the chief policy making official for the City and its departments, including the NYPD. He is sued in both his individual and official capacities.

17. Defendant City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York to maintain a police department, the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

18. The NYPD's operations include the operations as described herein. On information and belief, the law enforcement activities of the NYPD are funded, in par, with funds from the federal government.

19. Defendant police officer Doherty is and/ or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He is duly appointed and acting as a police officer of the NYPD. Doherty is sued in his individual and official capacity.

20. Defendant John Doe is and / or was, at all times relevant herein, an officer, employee and agent of the NYPD, a municipal agency of the City. He is duly appointed and acting as a police officer of the NYPD. John Doe is sued in his individual and official capacity.

21. At all times relevant herein, Defendants Bratton, de Blasio, City, Doherty and Doe have acted under color of state law in the course and scope of their duties and functions as agents, employees, officers of the City and/ or NYPD in engaging in the conduct described herein.

22. At all times relevant herein, Defendants have acted for and on behalf of the City and/ or the NYPD with the power and authority vested in them as officers, agents, and employees of NYPD, and/ or the City.

23. Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d), et seq. Against the City. The law enforcement activities described in this complaint have been funded, in part, with federal funds.

24. Discrimination based on race in the law enforcement activities and conduct described herein is prohibited under 42 U.S.C. 2000(d), et seq. The acts and conduct complained of herein by the Defendants were motivated by racial animus, and were intended to discriminate on the basis of race and/ or had a disparate impact on particularly Blacks and Latinos.

25. As a direct and proximate result of the above mentioned acts, the named Plaintiff Inpropria Persona Sui Juris has suffered injuries and damages and has been deprived of his rights under the civil rights law. Without appropriate injunctive relief, these violations will continue to occur.

26. Violation of Rights Under New York Law: By the actions described above, each and every Defendant, jointly and severally, has committed the following wrongful acts against the named Plaintiff Inpropria Persona Sui Juris which are tortuous under the Constitution and laws of the State of New York: (a) assault and battery; (b) trespass; (c) violation of the right to privacy: (d) negligence; (e) false arrest; and (f) false imprisonment.

27. At all times relevant herein, Defendants Bratton, de Blasio, City, Doherty, and John Doe have violated clearly established constitutional standards under the Fourth, Fifth Amendment, and the Equal Protection Clause of the Fourteenth Amendment of which a reasonable person would have known.

## STATEMENT OF FACTS

### The Experience of Named Plaintiff Inpropria Persona Sui Juris

### Michael McClanahan
### FACTUAL AND PROCEDURAL BACKGROUND

28. On or about May 19, 2009, around 1:43 am, Plaintiff McClanahan heard a knock on the apartment door, Plaintiff McClanahan opended the door and saw two Caucasian male Defendants. Defendant Doherty asks Plaintiff McClanahan if Plaintiff had a problem with a resident in apartment 4-E. Plaintiff McClanahan told Defendant Doherty that Plaintiff didn't have a problem with the individual in apartment 4-E, or anyone in building 3215 Bainbridge Avenue.

29. Plaintiff McClanahan told Defendant Doherty, on previous occasions someone called the police and lied stating that there was constant loud noise, and large numbers of people entering and departing from Plaintiff McClanahan's apartment.

8

30. Plaintiff McClanahan told Defendant Doherty that Plaintiff has two autistic sons and a fiancé who resides with Plaintiff in the apartment and Plaintiff and family are very quiet and never entertain large numbers of guests.

33. Without any basis to formulate a reasonable, articulate, suspicion that Plaintiff McClanahan had engaged in or was about to engage in criminal conduct, Defendant Doherty spoke to Plaintiff in a very negative, loud, racist, hostile tone of voice and order Plaintiff to leave the apartment and stand in the hallway. Plaintiff asked Defendant Doherty, if Plaintiff was under arrest, Defendant Doherty, lied and said that Plaintiff was not going to be arrested. Defendant Doherty, grab Plaintiff left arm and violently pulled Plaintiff from the apartment.

34. With no reasonable belief that Plaintiff McClanahan was armed or dangerous and without probable cause, Defendant Doherty violently pushed Plaintiff McClanahan against the wall and proceeded to search under Plaintiff McClanahan shirt and put his hands in Plaintiff McClanahan pants pockets.

35. After this illegal frisked, Plaintiff McClanahan asked Defendant Doherty what probable cause for this illegal search.

36. Defendant Doherty ignored Plaintiff McClanahan's question. Plaintiff McClanahan informed Defendant Doherty that he did not consent to this illegal search. Plaintiff McClanahan asked Defendant Doherty to call his sergeant or captain pertaining to this illegal search and arrest. Defendant Doherty ignored Plaintiff McClanahan's request.

37. Defendant John Doe violently grab Plaintiff arms and placed them behind Plaintiff back and began squeezing the handcuffs on Plaintiff's wrists which made Plaintiff's arms swell.

38. Defendants Doherty and John Doe refused to advised Plaintiff McClanahan of his Miranda Rights.

39. According to Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Court held that " a person subject to custodial interrogation must first be advised of his Miranda Rights in order for his statements to be admissible. A custodial interrogation occurs when the police initiate questioning after a person has been deprived of his freedom of action in a significant way.

40 At the 52nd precinct Defendants Doherty and John Doe never allowed Plaintiff McClanahan to call his fiancé or use the lavatory after hearing Plaintiff McClanahan verbal requests, stating that he had to urinate and defecate.

41. Defendant Doherty opens the cell door and lied and said that Plaintiff McClanahan was going to be released and receive a summons.

42. As Plaintiff McClanahan began to walk out of the cell Defendant Doherty violently pushed Plaintiff McClanahan back into the cell.

43. Defendant Doherty entered the cell and placed shackles on Plaintiff McClanahan's ankles. Defendant Doherty tighten the shackles on Plaintiff McClanahan's legs which caused Plaintiff McClanahan's ankles to swell.

44. Plaintiff was processed and held in jail until his arraignment in Bronx Criminal Court approximately 48 hours after Plaintiff was illegally arrested. Plaintiff was released on his own recognizance.

45. All criminal complaints, allegations and charges were sworn to under oath by Defendant Doherty as true, even though he knew them to be false.

46. On August 14, 2009, all charges were dismissed, with prejudice, on the motion of the District Attorney of Bronx County. (See Exhibit One, Copy of Certificate of Disposition)

47. The Plaintiff appeared in Court on eight occasions related to the false criminal charges against him. Plaintiff incurred expenses as a result of these wrongful arrest and prosecutions.

48. At all times herein, the individual Defendants had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise excessive force, charge and detain Plaintiff. Their actions were based on malice and bad faith and were supported by false statements.

49. The conduct of the Defendants in restraining, arresting, striking, threatening and prosecuting the Plaintiff proximately caused physical, emotional and financial injury to him, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical, pain, humiliation, embarrassment, and deprivation of his constitutional rights. Plaintiff McClanahan suffered the trauma, debasement and humiliation as a result of being publicly illegally arrested without any cause, and assaulted, unlawfully imprisoned and maliciously prosecuted.

## REQUISITES FOR RELIEF

50. By reason of the factual allegations set forth above, an actual controversy has arisen and now exists between Plaintiff Inpropria Persona Sui Juris and Defendants. A declaration from this Court that Defendants actions violated Plaintiff Inpropria Persona Sui Juris Constitutional Rights are therefore necessary and appropriate.

## FIRST CAUSE OF ACTION

51. Plaintiff Inpropria Persona Sui Juris repeat and reallege by reference paragraphs Through 50 as if fully set forth herein.

52. The acts of the individual Defendants, under color of state law, in arresting Plaintiff McClanahan, verbally abusing Plaintiff, and in physically assaulting Plaintiff were racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to and did, cause and did, cause specific and serious bodily harm, pain and suffering to Plaintiff in violation of his constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions, Defendants are liable for violation Of 42 U.S.C. 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

53. As a consequence of the individual Defendants actions, Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that they will, again, be subject to similar unlawful acts by Defendants.

54. As a direct and proximate result of the Defendants unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment. Also that Plaintiff Inpropria Persona Sui Juris be awarded compensatory damages in the amount of Five Million Dollars.

## SECOND CAUSE OF ACTION

55. Plaintiff repeat and reallege by reference paragraphs 1 through 54 as if fully set forth herein.

56. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. 1983 which prohibits the deprivation under color of state law of rights secured under the United States.

57. As a direct and proximate result of Defendants unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffered, humiliation and embarrassment. Also that Plaintiff Inpropria Persona Sui Juris be awarded compensatory damages in the amount of Eight Million Dollars.

## THIRD CAUSE OF ACTION

58. Award Plaintiff Inpropria Persona Sui Juris punitive damages against each and all Defendants in the amount of Fourteen Million Dollars, and that all damages be awarded against the Defendants in both their individual and official capacities of each of the Defendants for their willful, wanton, illegal, and reckless conduct against Plaintiff Inpropri Person Sui Juris.

   WHEREFORE, the Plaintiff Inpropria Persona Sui Juris respectfully request the Court:

   1. Declare that the Defendants have violated the Plaintiff Inpropria Persona Sui Juris under Fourth, Fifth and Fourteenth Amendments to the United States of citizens who have not committed any crime.

2. Enjoin the Defendants from illegally detaining, illegally interrogating, illegally fingerprinting, illegally photographing and illegally incarcerating United States citizens who have not committed any crime.

3. Order the Defendants to return all information, property that was stolen from Plaintiff Inpropria Persona Sui Juris by the police. Those Defendants return all fingerprints, photographs, unlawfully obtained from Plaintiff Inpropria Persona Sui Juris and to expunge from the government database or otherwise destroy any information, fingerprints, or photographs that cannot be returned.

4. Award attorney fees, prejudgment interest, and cost incurred in this action, and other relief as the court deems appropriate and just.

**PLAINTIFF INPROPRIA PERSONA SUI JURIS REQUEST A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Dated: 1435 Jamada- Awwal 18 – 2014 March 19

Respectfully submitted,

_[signature]_
Michael McClanahan
3215 Bainbridge Avenue, Apartment 5-E,
Bronx, NY 10467
718-219-3257

## JUDICIAL NOTICE

All officers of the Court for New York County, New York are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Haines: Inpropria Persona Sui Juris litigants are held to less stringent pleading standards than bar registered attorneys. Regardless of the deficiencies in their pleadings, Inpropria Persona Sui Juris litigants are entitled to the opportunity to submit evidence in support of their claims. In re Platsky: court errs if Court dismisses the Inpropria Persona Sui Juris litigant without instruction of how pleadings are deficient and how to repair pleadings.

In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.